IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JERRY JELLIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:15-cv-630-NJR-DGW |
| | ) | |
| R. HARRINGTON, LT. TOURVILLE, R. DAVIS, C/O HALE, C.O LINDENBERG, TIMOTHY VEATH, JASON HART, AMY LANG, and DR. SHEARING, | ) ) ) ) ) | |
| Defendants. | ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court is the Sur-Reply brief filed by Plaintiff, Jerry Jellis, on January 25, 2016 (Doc. 65), the Motions for Sanctions filed by Plaintiff on January 25, 2016 (Docs. 66 and 67), the Motion to Compel filed by Plaintiff on February 18, 2016 (Doc. 68), and the Motion to Continue filed by Dr. Shearing on June 17, 2016 (Doc. 76).

The sur-reply brief (Doc. 65) is hereby **STRICKEN**. Local Rule 7.1(c) provides that "[u]nder no circumstances will sur-reply briefs be accepted."

Plaintiff's first motion for sanctions (Doc. 66) is **DENIED**. Plaintiff is informed that the Defendants listed in his motion have not filed a motion for summary judgment on exhaustion, nor are they required to file such a motion. To the extent that Plaintiff seeks judgment on the issue of exhaustion, he must file a Motion for Summary Judgment supported by evidence.

Plaintiff's second motion for sanctions (Doc. 67) is **DENIED**. Plaintiff represents, and Defendants Harrington, Tourville, Davis, Veath, Hale, Lindenberg, Hart, and Lang admit, that the listed Defendants failed to provide initial disclosures by the December 21, 2015 deadline (Doc.

42). Plaintiff seeks sanctions pursuant to Federal Rule of Civil Procedure 16(f) which provides for a variety of monetary and non-monetary sanctions. In a tardy response (for which no excuse is offered), Defendants represent that they inadvertently failed to provide initial disclosures due to a change in attorney and lack of awareness of the new attorney that the disclosures had not been served. Defendants further represent that they served initial disclosures on April 13, 2016.

While the Court finds Defendants' dilatory discovery practice to be troubling, sanctions will not issue at this time. Plaintiff has shown no prejudice that has resulted from the tardy initial disclosures nor has he shown that he has incurred any damages or expenses as a result. The discovery deadline in this matter is September 30, 2016, which should afford ample time to conduct additional discovery beyond the initial disclosures. However Defendants are hereby **WARNED** that the failure to respond to discovery in a timely manner may result in the exclusion of untimely discovery from the trial in this matter. In addition, the failure to timely file a response to motions may result in a finding that the motion has been admitted as provided by Local Rule 7.1.

Plaintiff's Motion to Compel is **DENIED**. The Court will not manage the prison's law library nor disturb the schedule that prison officials have for law library visits. The prison is in the best position to determine when and for how long an inmate can access the law library. If Plaintiff requires additional time to conduct research in order to respond to a pending motion, he may file a motion for extension of time.

Defendant's motion to continue is **GRANTED**. The Pavey Evidentiary hearing is **RESET** to **July 7, 2016** at **10:30 a.m.** Plaintiff to appear by video-conference.

Finally, the Clerk of Court is **DIRECTED** to modify the docket sheet to reflect the true full spelling of Defendants' names as set forth in Defendants' Answers (Docs. 30, 47, and 53).

**IT IS SO ORDERED.**

**DATED: June 20, 2016**

**DONALD G. WILKERSON**
**United States Magistrate Judge**