IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JERRY JELLIS, | ) |
|     Plaintiff, | ) |
| v. | ) Case No. 3:15-cv-630-NJR-DGW |
| RICHARD HARRINGTON, et al., | ) |
|     Defendants. | ) |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court are the Motion for Recruitment of Counsel filed by Plaintiff on August 10, 2106 (Doc. 95) and the Motions for Extension of Time filed by the parties on August 10, 2016 and September 22, 2016 (Docs. 96 and 98, respectively). The Motion for Recruitment of counsel is **DENIED** and the Motions for Extension are **GRANTED IN PART.**

Plaintiff has no constitutional nor statutory right to a Court-appointed attorney in this matter. *See Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). However, 28 U.S.C. § 1915(e)(1) provides that the Court "may request an attorney to represent any person unable to afford counsel." Prior to making such a request, the Court must first determine whether Plaintiff has made reasonable efforts to secure counsel without Court intervention (or whether has he been effectively prevented from doing so). *Jackson v. County of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992). If he has, then the Court next considers whether, "given the difficulty of the case, [does] the plaintiff appear to be competent to try it himself . . . ." *Farmer v. Haas*, 990 F.2d 319, 321-322 (7th Cir. 1993); *Pruitt*, 503 F.3d at 655 ("the question is whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself."). In order to make such a determination, the Court may

consider, among other things, the complexity of the issues presented and the Plaintiff's education, skill, and experience as revealed by the record. *Pruitt*, 503 F.3d at 655-656. Ultimately, the Court must "take account of all [relevant] evidence in the record" and determine whether Plaintiff has the capacity to litigate this matter without the assistance of counsel. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013).

In his motion for recruitment of counsel, Plaintiff represents that he has met the threshold requirement, that he is having trouble acquiring documents from Defendants, and that conducting their depositions will be near impossible. The Court has had an opportunity to observe Plaintiff and assess his ability to prosecute this matter. Notwithstanding Plaintiff's lack of legal training, he is capable of reading and writing in English. He is also capable of articulating his claims and arguments; citing to relevant case law; and, is familiar with the discovery process and who to acquire discovery from. Plaintiff also is capable of seeking relief from the Court, as evidenced by the recent motions to compel. In sum, while Plaintiff will certainly have difficulty conducting depositions, Plaintiff appear otherwise capable of prosecuting this matter without an attorney.

Plaintiff seeks an additional 7 months of discovery and Defendant Shearing seeks an additional 60 days. The discovery deadline in this matter was September 30, 2016 and the dispositive motion filing deadline is October 28, 2016. The discovery deadline is hereby **RESET** to January 30, 2017 and dispositive motions are now due on February 17, 2017.

**DATED: October 11, 2016**

*Donald Wilkerson*

**DONALD G. WILKERSON**
**United States Magistrate Judge**