IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JERRY JELLIS

              Plaintiff,

              v.

RICHARD HARRINGTON, JOHN
TOURVILLE, RYAN DAVIS, LARRY
HALE, DONALD LINDENBERG,
TIMOTHY VEATH, JASON HART, AIMEE
LANG, and ROBERT SHEARING,

              Defendants.

)
)
)
)
)
)
)
)
)
)
)
)

Case No. 3:15-cv-630-NJR-DGW

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court are eight (8) motions to compel (Docs. 101, 102, 105, 106, 108, 109, 112, and 114) filed by Plaintiff, responses (Docs. 107, 110, 111, 117, 119), and replies (Docs. 116 and 121); the motion for permission to ask 15 more interrogatories filed by Plaintiff (Doc. 113); the motion for hearing filed by Plaintiff (Doc. 115); the motion to appoint counsel filed by Plaintiff (Doc. 118); and, the motion requesting mandate filed by Plaintiff (Doc. 129).

Plaintiff is proceeding on various counts related to an incident that occurred on August 27, 2013 while he was housed at the Menard Correctional Center. Plaintiff claims that he was attacked by correctional officers, that he was falsely written up on disciplinary charges, that he did not receive due process at the subsequent hearing, and that he did not receive adequate medical care. Plaintiff has been permitted to proceed on the following claims:

> **COUNT 1:** Harrington ordered the attack on Jellis or conspired to facilitate the attack, in violation of Jellis's Eighth Amendment rights.
>
> **COUNT 2:** Tourville carried out Harrington's orders to attack Jellis or conspired to facilitate the attack, in violation of Jellis's Eighth Amendment rights.

**COUNT 3:** Hale and Lindenberg used excessive force against Jellis, in violation of Jellis's Eighth Amendment rights.

**COUNT 5:** Davis wrote a false disciplinary ticket against Jellis concerning Jellis's conduct in the prison cafeteria, in violation of Jellis's due process rights.

**COUNT 6:** Harrington, Veath, and Hart imposed punishment on Jellis without providing him a fair hearing, in violation of Jellis's due process rights.

**COUNT 8:** Lang delayed giving Jellis treatment for the injuries he incurred during the attack, in violation of Jellis's Eighth Amendment rights.

**COUNT 9:** Dr. Shearing failed to give Jellis treatment for the injuries he incurred during the attack, in violation of Jellis's Eighth Amendment rights.

(Doc. 7). Pursuant to an Order entered on October 11, 2016 (Doc. 103), the discovery deadline is January 30, 2017 and the dispositive motion filing deadline is February 17, 2017. This matter currently is set for a final pretrial conference on April 12, 2017 and a jury trial on May 2, 2017 (Doc. 43). That Court has carefully considered the motions filed by Plaintiff and finds the following:

**1. Doc. 101 directed at Dr. Shearing:**

Plaintiff seeks to compel Dr. Shearing's response to 17 interrogatories and requests to produce Dr. Shearing's employee timesheet, "management roster sheet," certain Wexford Health Sources, Inc. policies, the contract between Wexford and the IDOC, and documents demonstrating complaints against Dr. Shearing while employed at Menard CC. These are merits based discovery requests that were served before the exhaustion issue was resolved as to Dr. Shearing by the September 28, 2016 Order (Doc. 99) and not, as the Plaintiff mistakenly believes, the July 22, 2016 Report and Recommendation (Doc. 89). As such, the discovery responses were not due until October 28, 2016, after the date this motion was filed (on October 3, 2016). This Motion is accordingly **DENIED** as premature. Plaintiff's request for costs, in the amount of $54.30 is likewise **DENIED.** Even if the motion had been granted, it is unclear why it cost Plaintiff that

amount of money to file a 10 page document and mail some documents to Defendants requesting discovery compliance.   A request for costs pursuant to Federal Rule of Civil Procedure 37 will not be granted absent some proof that money was reasonably spent.

**2.   Doc. 102 directed at IDOC Defendants:**

Plaintiff seeks to compel the disclosure of the 2013 time sheets of Defendants Hale and Tourville, the August 29, 2013 "Roster Management Sheets" of Defendants Veath, Hart, and Davis, and an internal affairs report authored by Defendant Thomas on September 10, 2013 and October 29, 2013.   In their response, Defendants indicated that they have answered Plaintiff's discovery requests and that they will supplement when more discovery responses are received from their clients (which the Court assumes has already occurred).   As there is no showing of prejudice, this motion is **MOOT**.   Plaintiff's request for $39.00 in costs is **DENIED**.

**3.   Doc. 105 directed at Dr. Shearing**:

Plaintiff states that he did not receive a copy of Defendant's objection (Doc. 92) to the Report and Recommendation (Doc. 89).   Defendant mailed a copy to Plaintiff but it appears that he did not receive the copy.   As the exhaustion issue has been resolved and there is no prejudice to Plaintiff, this motion is **MOOT**.   Plaintiff's request for $30.35 in costs is **DENIED**.

**4.   Docs. 106, 108, 109, 112 directed to the IDOC Defendants:**

These motions are **DENIED WITHOUT PREJUDICE**.   In Defendants' responses to Plaintiff's motions, they appear to indicate that they have provided responses to discovery requests or that Plaintiff already possess copies of the documents requested.   It is unclear to the Court what documents/responses Plaintiff still requires.   In order to ascertain what discovery disputes are still active, Plaintiff shall provide: (1) a list of the requests to produce to which a document has not been produced in this litigation; the date that the request to produce were served upon Defendants;

and, the date that responses, if any, were made; and (2) Plaintiff shall also list the interrogatories to which an answer is still due, when the interrogatory was served, and the response, if any.   It is unnecessary to provide copies of the actual requests to produce or the documents actually produced.   Plaintiff shall indicate why the documents requested are relevant.   Plaintiff shall file this document, containing the two lists, as a motion to compel.   The motion shall be filed within fourteen (14) days of the date of this Order.   Defendants shall respond within seven (7) days of the filing of the response.   Again, Plaintiff's requests for costs will not be granted absent a showing that they were reasonably incurred.

Plaintiff's reply brief, Doc. 116 is hereby **STRICKEN**.   Reply briefs are not favored and Plaintiff's basis for replying is not supported by the record.

**5.   Doc. 113 – Request to serve additional interrogatories:**

This motion is **DENIED WITHOUT PREJUDICE**.   Plaintiff has not attached a copy of the additional interrogatories that he seeks to serve upon Defendants.   Plaintiff may refile.

**6.   Doc. 114 directed at Dr. Shearing**:

Plaintiff seeks to compel the production of documents from Dr. Shearing that are in the care and custody of a third party to this litigation, the IDOC.   While the Court is mindful that various employees of the IDOC are being sued by Plaintiff and that Dr. Shearing and the other Defendants were employed at the Menard CC, it does not follow that they each have access to and can produce the documents requested by Plaintiff.   Dr. Shearing has made reasonable objections, that he does not have copies of various Menard CC institutional directives, administrative directive, and/or log sheets.   Plaintiff should request these documents from either the IDOC (via a subpoena).   This motion is accordingly **DENIED**.

The Court notes that the discovery deadline expires on this day.   As such, Plaintiff must

seek an extension of that deadline if he still requires the documents.   To that end, the Clerk of Court is **DIRECTED** to send to Plaintiff along with a copy of this Order one blank subpoena. Plaintiff shall fill out the document and submit it to the Court for review along with his motion for extension of the discovery deadline.

**7.   Doc. 115 seeking a video conference**:

This motion is **DENIED WITHOUT PREJUDICE**.   Once Plaintiff has filed the motion to compel and Defendants have responded (as indicated above), the Court will consider whether a hearing is necessary.

**7.   Doc. 118 request for counsel for trial:**

This motion is **DENIED WITHOUT PREJUDICE**.   Recruitment of counsel will be considered once motions for summary judgment have been filed and an order has been entered.

**8.   Doc. 129 "Motion requesting mandate:"**

Plaintiff seeks answers to requests to admit related to the contents of various documents that would show where and/or when the target Defendants were working during the relevant time period (*See* Docs. 122, 124-128).   Plaintiff indicates that he believed that the parties had an agreement wherein Defendants would make the admissions in lieu of producing time sheets or duty roster sheets that would reflect the same information.   As of the date of this Order, only Defendant Shearing has responded to the Motion; however the other Defendants, Davis, Hale, Hart, Lang, Tourville, and Veath, have filed the answers to the requests to admit.   Defendants appear to object because Plaintiff failed to file his requests to admit as required by Local Rule 26.1(b).

The Court has reviewed the deposition transcript and the requests attached to Plaintiff's motion, and Defendants' responses.   Defendants are not under any obligation to sign the requests

to admit and admit the statements made therein.   The Motion is accordingly **DENIED IN PART**.

However, it seems to the Court that Plaintiff merely seeks a document that would indicate where, when, and in what capacity each of Defendants was working in during the relevant time periods or a statement of the same made under oath.   This seems like a simple enough question for Defendants to answer.   Therefore, in an effort to move these proceedings along and resolve this matter expeditiously, each Defendant shall serve upon Plaintiff, and file with the Court, the following within fourteen (14) days of the date of this Order:

> 1.   Dr. Shearing shall serve upon Plaintiff a statement of where, between what times, and in what capacity he was working on September 20, 2013.
>
> 2.   Defendants Veath and Hart shall serve upon Plaintiff as statement of where, between what times, and in what capacity they were working on August 29, 2013.
>
> 3.   Defendant Lang shall serve upon Plaintiff a statement of where at Menard CC, between what times, and in what capacity she was working on September 5, 2013 and September 16, 2013.
>
> 4.   Defendants Hale, Tourville, and Davis shall serve upon Plaintiff a statement of where at Menard CC, between what times, and in what capacity they were working on August 27, 2013.

These statements shall be in the form of a stipulation.

In light of the foregoing, Documents 101 and 114 are **DENIED**; Documents 102 and 105 are **MOOT**; Documents 106, 108, 109, 112, 113, 115, and 118 are **DENIED WITHOUT PREJUDICE**; Document 129 is **DENIED IN PART**; and, Document 116 is **STRICKEN.**

**DATED: January 30, 2017**

**DONALD G. WILKERSON**
**United States Magistrate Judge**