IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JERRY JELLIS,<br><br>    Plaintiff,<br><br>v.<br><br>RICHARD HARRINGTON, JOHN TOURVILLE, RYAN DAVIS, LARRY HALE, DONALD LINDENBERG, TIMOTHY VEATH, JASON HART, AIMEE LANG, and ROBERT SHEARING,<br><br>    Defendants. | Case No. 3:15-cv-630-NJR-DGW |

## ORDER

**WILKERSON, Magistrate Judge:**

On January 30, 2017, this Court issued an Order on various discovery motions filed by Plaintiff (Doc. 131). In that Order, Plaintiff was instructed to file a motion to compel indicating what documents he still required and a motion for extension of time of the January 30, 2017 discovery deadline. Plaintiff has filed the two motions (Docs. 143 and 144) in addition to a motion to serve additional discovery (Doc. 145).

The motion to compel is **DENIED** (Doc. 144). Defendants have provided the information sought by Plaintiff in their submissions to the Court (Doc. 136). Directing further responses would be duplicative and wasteful. Plaintiff's request to serve additional interrogatories upon Defendants and a subpoena also is **DENIED** (Doc. 145). The subpoena directed at the IDOC likewise seeks documents that contain information already provided in Document 136. Defendants have filed motions for summary judgment to which Plaintiff has responded (Docs. 150, 154, and 156). None of the responses indicate that he is lacking information to respond and Plaintiff has not filed a Federal Rule of Civil Procedure 56(d) motion. Therefore, Plaintiff's

request to serve additional interrogatories is untimely and unsupported by a required affidavit. In any event, the additional interrogatories are beyond the numbers outlined in the Scheduling Order. And, much of Plaintiff's proposed interrogatories are argumentative. For example, "you was the one that said to take me in the north 2 segregation visiting bull pin area was this because there is no camera to catch you and Lindenberg assaulting me? [sic]" could only be seeking an admission that Plaintiff was in fact assaulted. These interrogatories would only draw reasonable objections that would unnecessarily prolong this litigation. As noted previously, this matter is limited in time and scope and allowing addition discovery would not be proportional to the needs of this case. In light of these rulings, Plaintiff's motion for an extension of the discovery deadline is likewise **DENIED** (Doc. 143).

**DATED: June 30, 2017**

                                                **DONALD G. WILKERSON**
                                                **United States Magistrate Judge**