| | | |
|---|---|---|
| JERRY JELLIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 3:15-cv-630-GCS |
| | ) | |
| LARRY HALE, | ) | |
| DONALD LINDENBERG, and | ) | |
| AIMEE LANG, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

**SISON, Magistrate Judge:**

This matter is before the Court pursuant to a motion by Defendants to strike the expert disclosure of Dr. Coe, one of Plaintiff Jerry Jellis's treating physicians. Defendants argue that Jellis did not disclose Dr. Coe as anything other than a fact witness until August 6, 2019, and, as such, the disclosure is untimely. For the reasons delineated below, Defendants' motion to strike (Doc. 255) is **DENIED**.

The scheduling order in this action (Doc. 43) is silent as to expert disclosures. In the absence of a court order stating otherwise, expert witnesses must be disclosed "90 days before the date set for trial." FED. R. CIV. PROC. 26(a)(2)(D)(i). Trial in this action is scheduled to commence on November 4, 2019, meaning expert witness disclosures were due to opposing counsel no later than August 6, 2019. There is no dispute that Jellis disclosed Dr. Coe as an expert on August 6, 2019, and, as such, the Court finds the disclosure timely-made.

In addition to timely disclosure, Rule 26(a)(2) necessitates that expert disclosures

meet certain substantive requirements. Defendants' motion to strike raises a two-sentence argument as to the lack of substance in the disclosure, arguing that the disclosure is conclusory and fails to state with particularity the opinions about which Dr. Coe will testify.[1] The disclosure of an expert witness who does not provide a written report must state: (i) the subject matter on which the witness is expected to present evidence . . . ; and (ii) a summary of the facts and opinions to which the witness is expected to testify." FED. R. CIV. PROC. 26(a)(2)(C).

Jellis disclosed that Dr. Coe will testify about Plaintiff's medical history, conditions, examinations, treatments, and response to treatments during his incarceration and would render an opinion on the same. The disclosure technically encompasses the requirements of Rule 26(a)(2)(C), but the Court directs Plaintiff to supplement the disclosure with a more in-depth description of Dr. Coe's testimony on or before October 16, 2019.

Defendants are granted leave to file a motion *in limine* out of time specifically related to Dr. Coe's testimony, provided that the motion is filed by October 22, 2019. Plaintiff's response, if any, shall be filed by October 25, 2019.

**IT IS SO ORDERED.**

Dated:  October 11, 2019.

Digitally signed by
Magistrate Judge
Gilbert C. Sison
Date: 2019.10.11
10:00:18 -05'00'

GILBERT C. SISON
United States Magistrate Judge

---

[1]     Defendants make a more detailed argument in their reply, though they cite no law in support of their position. Reply briefs are disfavored under the Local Rules, and arguments raised in them need not be considered by the Court, particularly where, as here, a party fails to identify extraordinary reasons justifying a reply. Nonetheless, the Court will weigh the sufficiency of Plaintiff's disclosure.