# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF ILLINOIS

| JERRY JELLIS, | ) |
|---|---|
| Plaintiff, | ) |
| vs. | ) Case No. 3:15-cv-630-GCS |
| LARRY HALE, DONALD LINDENBERG, and AIMEE LANG | ) |
| Defendants. | ) |

## ORDER

**SISON, Magistrate Judge:**

Plaintiff Jerry Jellis alleges that Defendants Larry Hale and Donald Lindenberg destroyed video evidence of their alleged assault on him in August 2013. The assault's existence is at the core of his excessive force claim. Jellis asks the Court for a permissive adverse inference, a mandatory adverse inference, or to enter judgment in his favor due to the alleged spoliation of evidence by Defendants.

According to the Seventh Circuit, "when a party intentionally destroys evidence in bad faith, the judge may instruct the jury to infer the evidence contained incriminatory content." *Bracey v. Grondin*, 712 F.3d 1012, 1018-19 (7th Cir. 2013)(citing *Faas v. Sears, Roebuck & Co.*, 532 F.3d 633, 644 (7th Cir. 2008)). The crucial inquiry is the reason for the destruction of the evidence, and a "party destroys a document in bad faith when it does so 'for the purpose of hiding adverse information.'" *Id.* There must be evidence, other

than a party's own speculation, that evidence was destroyed to hide its incriminatory nature. *See Rummery v. Ill. Bell Tel. Co.*, 250 F.3d 553, 558 (7th Cir. 2001).

Having carefully reviewed Plaintiff's motion and evidence in support thereof, there is insufficient evidence that Defendants Hale or Lindenberg viewed the video of their encounter with Jellis, and that, upon realizing the incriminatory content of the video, they intentionally destroyed it to hide the adverse evidence. Assuming Defendants had a duty to preserve video evidence in August 2013, there is little-to-no non-speculative evidence that an incriminatory video ever existed. Even if there was a video, which Plaintiff has not established, there is no competent evidence as to what the video might have shown or that its destruction occurred for any reason other than in the regular course of Menard's retention policy. Absent competent evidence of the bad faith, intentional destruction of evidence by Defendants Hale and Lindenberg, an adverse inference on the spoliation of evidence is not warranted. Accordingly, Plaintiff's motion for sanctions (Doc. 274) is **DENIED**.

**IT IS SO ORDERED.**

Dated: October 27, 2019.

Digitally signed by Judge Sison
Date: 2019.10.27 06:55:57 -05'00'

_____
GILBERT C. SISON
United States Magistrate Judge